UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 95-81102

Honorable Nancy G. Edmunds

v.

ANTONIO NEVADA EVANS,

    Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR A SENTENCE REDUCTION [346]**

Defendant Antonio Nevada Evans is currently in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Atlanta. The matter is before the Court on Defendant's motion for compassionate release. (ECF No. 346.) Defendant requests the Court reduce his sentence to time served under the authority of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. The government opposes the motion. (ECF Nos. 351, 352.) Defendant has filed a reply. (ECF No. 353.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court GRANTS Defendant's motion.

**I.     Background**

On February 6, 1997, a jury found Defendant guilty of one count of conspiracy to possess with the intent to distribute and to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count 1) and two counts of possession with intent to distribute 5 kilograms or more of cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2 (Counts 2 and 5). (ECF No. 189.) These

convictions stemmed from Defendant's operation of a cocaine distribution enterprise which trafficked at least fifty kilograms of the narcotic in the Detroit area in 1994 and 1995.  At sentencing, the Court found the guidelines range to be 360 months to life in prison with a mandatory 10 year minimum on each count.  (ECF No. 241.)  On March 20, 1998, the Court entered a judgment of conviction and sentenced Defendant to concurrent 30-year terms of imprisonment for each of the three counts of conviction to be followed by five years of supervised release.  (ECF No. 227.)  The Sixth Circuit affirmed on direct appeal.  *See United States v. Evans*, No. 98-1396, 1999 U.S. App. LEXIS 16971 (6th Cir. July 19, 1999.)  And this Court later denied a motion for post-conviction relief.  (ECF No. 271.)  Defendant is still serving the sentence imposed in this case with an anticipated end date of May 7, 2023.  (ECF No. 352-5, filed under seal.)

Defendant submitted an administrative request for compassionate release to the warden at his facility on December 28, 2020.  (ECF No. 346-1, PgID 2507.)  The warden did not respond to his request.  Defendant, now 50 years old, moves for his release based on the health concerns associated with the COVID-19 pandemic.  Defendant notes he has type II diabetes, hypertension, high cholesterol, and hyperthyroid disorder.  Defendant also notes that he was sentenced prior to the Supreme Court holding in *United States v. Booker*, 543 U.S. 220, 245 (2005), that the sentencing guidelines are advisory and not mandatory.

The government opposes the relief requested.  The government also notes that even if the Court reduces Defendant's sentence in this case, Defendant will not be released from federal custody immediately because he has not yet begun serving a 33-month sentence imposed in case no. 97-81174 to run consecutively to his sentence in

the present matter.  (ECF No. 352-7, filed under seal.)  Notwithstanding, the Court considers Defendant's request to the extent he seeks a reduction of the 30-year sentence imposed in this case.

## II. Analysis

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i)   extraordinary and compelling reasons warrant such a reduction; . . .
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute thus allows a sentencing court to reduce the term of imprisonment of a defendant once the exhaustion requirement has been satisfied.  Before granting compassionate release pursuant to § 3582(c)(1)(A), a court must conduct the following "'three-step inquiry:' the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction,' ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and 'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'"  *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)).  The Sixth Circuit has held that the Sentencing Commission's policy

statement in U.S.S.G. § 1B1.13 is not an applicable policy statement for compassionate release motions brought directly by defendants. *Id.* at 519. Thus, in such cases, a court need not consider § 1B1.13 and has the full discretion to define "extraordinary and compelling." *Id.* at 519-20.

The government acknowledges that Defendant has exhausted his administrative remedies in this case. The government also concedes, and the Court agrees, there are extraordinary and compelling reasons that warrant a sentence reduction in this case because Defendant faces an increased risk of severe illness if he contracts COVID-19 as a result of his Type II diabetes.[1] *See* People with Underlying Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. The government argues, however, that the sentencing factors set forth in § 3553(a) weigh against granting Defendant the relief he seeks.

Under § 3582(c)(1)(A), the Court must consider the sentencing factors set forth in § 3553(a) to the extent that they are applicable. Those factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence,

---

[1] Despite this concession, the government argues that because of Defendant's separate consecutive federal sentence and the fact BOP records show Defendant has state detainers, a sentence reduction will not actually alleviate his health concerns. That Defendant may not be released immediately, however, does not preclude a finding that there are extraordinary and compelling reasons warranting a sentence reduction in this case. Nor does it counsel against the Court exercising its authority to reduce the sentence of a defendant who qualifies for such a reduction. Other courts have reached the same conclusion and granted motions for compassionate release despite state detainers. *See, e.g., United States v. Hogg*, No. 13-20809, 2021 U.S. Dist. LEXIS 27960, at *5-6 (E.D. Mich. Feb. 16, 2021); *United States v. Harris*, No. 10-80, 2020 U.S. Dist. LEXIS 244371, at *11-12 (W.D. Pa. Dec. 30, 2020).

protection of the public, and the need to avoid unwarranted sentencing disparities.  *See* § 3553(a).

Here, the government relies on Defendant's criminal history, which includes a history of escapes and eluding authority, as well as the seriousness of the underlying offenses to argue Defendant's sentence should not be reduced.  The government also points to Defendant's disciplinary record.  While very serious, however, Defendant's prior criminal activities and the underlying offenses took place over twenty years ago.  Also, most of the serious misconducts the government cites to occurred during the beginning of Defendant's time in custody.  (*See* ECF No. 351, PgID 2225; ECF No. 352-4, filed under seal.)  The only serious incident that has taken place since 2002 was one in which Defendant was found to be in possession of heroin but even that took place in 2012—9 years ago.

Moreover, as the government itself acknowledges, Defendant has taken several positive steps throughout his time in custody.  This includes the completion of his GED and a large number of classes.  (ECF No. 352-1, filed under seal; ECF No. 346-1.)  Defendant has also expressed remorse for his past actions and presented evidence of his involvement with the community.  (ECF No. 346-1.)  Defendant's good disciplinary record in more recent history, along with his accomplishments while incarcerated, support his contention that he has shown positive rehabilitation.  They also demonstrate that the remainder of his sentence is not necessary for protection of the public.  Moreover, Defendant has served a significant term of imprisonment—over 90% of the statutory term.  The over 24 years of imprisonment Defendant has served thus far are sufficient to promote respect for the law, just punishment for the offense, and

deterrence.  In sum, the Court finds that the § 3553(a) factors weigh in favor of granting Defendant's request for a sentence reduction.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for a sentence reduction under § 3582(c)(1)(A) is GRANTED.  The custodial portion of Defendant's sentence is reduced to time served.

Defendant's original sentence remains unchanged in all other respects.

SO ORDERED.

                         s/Nancy G. Edmunds
                         Nancy G. Edmunds
                         United States District Judge

Dated: March 3, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 3, 2021, by electronic and/or ordinary mail.

                         s/Lisa Bartlett
                         Case Manager